# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVAR JAMES FANIEL,<br>      Petitioner | )<br>)<br>) |
| vs. | ) C.A. No. 10-32 Erie<br>)<br>) Magistrate Judge Baxter |
| ARCHIE LONGLEY,<br>      Respondent. | )<br>) |

## OPINION AND ORDER[1]

Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

On February 8, 2010, Petitioner Levar James Faniel, a federal prisoner incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean") in Bradford, Pennsylvania, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, against Archie Longley, Warden at FCI-McKean. In his petition, Petitioner challenges his eligibility for placement in a Community Corrections Center ("CCC") by the Federal Bureau of Prisons ("BOP"). In particular, Plaintiff contends that, under the Second Chance Act of 2007, he is eligible for release from FCI-McKean to a CCC.

Respondents have filed a Notice of Suggestion of Mootness indicating that the instant petition should be dismissed as moot because Petitioner was released from BOP custody on April 15, 2010. [ECF No. 9]. Attached to Respondents' Notice is the Declaration of Donna M. Broome, a Legal Assistant with the BOP's Northeast Regional Office, who declares that Petitioner was placed in the Volunteers of America Residential Re-Entry Center ("RRC") on April 15, 2010, where he was expected to remain until July 13, 2010, at which time he was projected to be released from his federal sentence (See ECF No. 9-1, Declaration of Donna M.

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4, 8].

1

Broome, at ¶ 2).

     **A.**    **Mootness Doctrine**

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. See also Maleng v. Cook, 490 U.S. 488, 491-492 (1989)(habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States

v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if his conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234 (1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." United States v. Johnson, 529 U.S. 53 (2000). Compare United States v. Cottman, 142 F.3d 160 (3d Cir. 1998).

Here, Petitioner's sole complaint is that the BOP refused to place him in a CCC for a requested six month period; however, Petitioner's subsequent release from FCI-McKean and placement in an RRC on April 15, 2010, has rendered the issue moot. Thus, Petitioner's claim for relief will be dismissed as moot, without prejudice to Petitioner's right to demonstrate that he will suffer collateral consequences from the denial of federal habeas relief.

An appropriate order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 7, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEVAR JAMES FANIEL,**<br>　　　　Petitioner<br><br>　　　　vs.<br><br>**ARCHIE LONGLEY,**<br>　　　　Respondent. | **C.A. No. 10-32 Erie**<br><br>**Magistrate Judge Baxter** |

## ORDER

AND NOW, this ___ day of December, 2010,

IT IS HEREBY ORDERED that the instant Petition for Writ of Habeas Corpus is dismissed as moot, without prejudice to Petitioner's right to demonstrate that he will suffer collateral consequences from the denial of federal habeas relief. The Clerk is directed to mark this case closed.

　　　　　　　　　　　　　　　　　　S/Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge